CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
JAN 29 2016
JULIA C. DUDLEY, CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

LUKE COPPING,

    Plaintiff,

v.

TARGET HEALTH INC.,

    Defendant.

Civil Action No.: 3:16CV00008

COMPLAINT AND JURY DEMAND

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, LUKE COPPING ("Plaintiff"), brings this complaint in the United States District Court for the Western District of Virginia against TARGET HEALTH INC. ("Defendant"), alleging as follows:

### PARTIES

1. Plaintiff is a internationally-recognized commercial and editorial portrait photographer specializing in dramatic portraits of people of all walks of life. Plaintiff works for advertising, editorial, and corporate clients throughout the United States and Canada. Plaintiff is a member of the American Society of Media Photographers (ASMP). Plaintiff currently resides in Buffalo, New York.

2. On information and belief, Defendant is a domestic business corporation existing under the laws of the State of New York, with headquarters in New York, New York.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages for copyright infringement and contributory infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

4. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

5. This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

6. Plaintiff is a prolific, experienced, commercial photographer. He specializes in feature portraits for advertising, editorial, and corporate clients. Plaintiff maintains a commercial website dedicated to his photographs, www.lukecopping.com. On his website, Plaintiff posted on each individual page displaying his photographs, directly under each photograph, the following text: "© Luke Copping - All Rights Reserved."

7. Plaintiff captured "Adam Munich" ("Copyrighted Photograph") in 2012 during an editorial shoot for *Popular Science Magazine*. Plaintiff licensed the Copyrighted Photograph to

Popular Science Magazine for one-time print plus website usage. The Copyrighted Photograph was first published on on May 25, 2012.

8. Plaintiff registered the Copyrighted Photograph on April 7, 2012.

9. Beginning on or around May 25, 2012, Defendant copied and posted the Copyrighted Photograph on their company website, www.targethealth.com. The Copyrighted Photograph was posted under the heading, "Target Health Global." Directly adjacent to the posted Copyrighted Photograph, Defendant posted the text: "Share." Immediately adjacent to the "Share" text, Defendant posted hotlinks to the following social media companies: Facebook, Google, Twitter.

## COUNT I
## INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. §101 ET SEQ.

10. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

11. Plaintiff is, and at all relevant times has been, the copyright owner or licensees of exclusive rights under United States copyright with respect to Copyrighted Photograph, identified in Exhibit A attached hereto. Copyrighted Photograph is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. The effective date of registration of Copyrighted Photograph is April 7, 2012. (Exhibit B contains a copy of the United States Copyright Office Certificate of Registration).

12. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Photograph and to distribute the Copyrighted Photograph to the public.

13. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, has used the Copyrighted Photograph on Defendant's public website, www.targethealth.com. In doing so, Defendant violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's copyrights and exclusive rights under copyright. (Exhibit C contains a copy of the Defendant's website page displaying the Copyrighted Photograph).

14. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

15. As a result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of the Copyrighted Photograph. Plaintiff is further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT II

## CONTRIBUTORY INFRINGEMENT

16. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, knowingly induced, caused, and materially contributed to copyright infringement by posting the Copyrighted Photograph on their website page immediately adjacent to the following hotlinks: Facebook, Google, Twitter.

17. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, had knowledge or reason to know of such contributory infringement.

18. As a result of Defendant's actions, Plaintiff is entitled to actual damages or such other and further relief as is just and proper. Plaintiff is further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring that Defendant's unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendant, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's

Copyrighted Photograph without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C. Ordering Defendant to account to Plaintiff for all gains, profits, and advantages derived by Defendant by their infringement of Plaintiff's copyright or such damages as are proper, and since Defendant intentionally infringed Plaintiff's copyright, for the maximum allowable statutory damages for each violation;

D. Awarding Plaintiff actual and/or statutory damages for Defendant's copyright infringement in an amount to be determined at trial;

E. Awarding Plaintiff his costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F. Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: January 29, 2016

_____
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
888-965-8083, Facsimile
*Attorney for Plaintiff*